IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| USAA LIFE INSURANCE COMPANY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ALYSSA K. ROMAN and JACK A. CRITSER, as personal representative of the Estate of Alan D. Critser,<br><br>　　　　　Defendants. | 8:24CV175<br><br>**MEMORANDUM AND ORDER** |

　　On May 15, 2024, plaintiff USAA Life Insurance Company ("USAA") brought this Complaint in Interpleader (Filing No. 1) pursuant to Federal Rule of Civil Procedure 22 against defendants Alyssa K. Roman ("Roman") and Jack A. Critser ("Critser"). USAA asserted it "face[d] the prospect of exposure to multiple liability" for the $500,000 death benefit due under a life-insurance policy (the "policy") it issued to Alan D. Critser ("Alan"). Alan passed away in December 2023 in a suspected homicide.

　　Roman, the designated beneficiary on the policy, has been arrested and charged for his murder. Based on these events and the terms of the policy, USAA stated that—if Roman was ineligible to take Alan's death benefit under Nebraska law—the benefit would be payable to Critser in his capacity as the personal representative of Alan's estate. *See* Neb. Rev. Stat. § 30-2354(c) (providing "[a] named beneficiary of a bond, life insurance policy, or other contractual arrangement who feloniously and intentionally kills or aids and abets the killing of the principal obligee or the individual upon whose life the policy is issued is not entitled to any benefit under the bond, policy or other contractual arrangement"). With the Court's permission (Filing No. 10), USAA deposited the benefit and accrued interest with the Clerk of Court (the "Clerk") in the amount of $513,850. *See* Fed. R. Civ. P. 67; NECivR 67.1.

Critser timely answered the interpleader complaint and pleaded a crossclaim against Roman (Filing No. 15). Despite being served by USAA by certified mail, Roman has never answered or otherwise taken part in these proceedings. *See* Fed. R. Civ. P. 4(e) (stating an individual may be served in a manner permitted by the forum state); Neb. Rev. Stat. § 25-505.01 (providing a party to an action may be served summons by certified mail).

Once Roman's deadline to do so passed, *see* Fed. R. Civ. P. 12(a)(1)(A)(i), USAA moved for an entry of default against Roman (Filing No. 16), Fed. R. Civ. P. 55(a); NECivR 55.1(a). The Clerk entered that default (Filing No. 17) on August 13, 2024. Critser subsequently moved for default judgment (Filing No. 18), claiming he was entitled to the death benefit as a result of Roman's default. *See* Fed. R. Civ. P. 55(b); NECivR 55.1(c)(2); *First Reliance Standard Life Ins. Co. v. Virtuecunningham*, No. 14 CV 6970, 2015 WL 9595404, *3 (E.D.N.Y. Nov. 20, 2015) (compiling cases and explaining the common practice of granting an interpleader defendant's motion for default judgment against a defaulted interpleader defendant).

The Court granted Critser's motion (Filing No. 24) on October 17, 2024, after first assuring itself of its diversity jurisdiction over the case and personal jurisdiction over Roman. *See* 28 U.S.C. § 1332(a)(1); *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011) (explaining a court may exercise general jurisdiction over individuals domiciled in the forum). Having carefully considered the circumstances of the case and relevant factors, the Court entered default judgment against Roman and dismissed Critser's crossclaim as moot. It further informed the parties it would give USAA "an opportunity to move for an award of attorney fees and costs before ordering the funds to be paid to Critser and entering a final judgment."

Now before the Court is USAA and Critser's Joint Motion for Interpleader Relief, Attorneys' Fees, and Disbursement of Funds from the Registry of the Court (Filing No. 25). USAA and Critser report they have resolved all remaining issues related to this

matter and agree that (1) USAA should be awarded $10,000 in attorney fees, (2) Critser should receive the remaining deposited funds and any accrued interest, (3) Critser and Roman should be enjoined from initiating any other action arising out of the policy, (4) USAA should be released and discharged from liability, and (5) the interpleader action, along with any claims that could have been asserted against USAA by Critser and Roman, should be dismissed with prejudice.

Money deposited with the Clerk may only be withdrawn pursuant to a Court order. *See* Fed. R. Civ. P. 67(b); 28 U.S.C. § 2042; NECivR 67.1(d). The nature of this action makes an award of reasonable attorney fees to USAA proper. *See Federated Mut. Ins. Co. v. Moody Station and Grocery*, 821 F.3d 973, 979 (8th Cir. 2016) (explaining a "completely disinterested stakeholder should not ordinarily be out of pocket for the necessary expenses and attorney's fees incurred by him" (quoting *Hunter v. Fed. Life Ins. Co.*, 111 F.2d 551, 557 (8th Cir. 1940))); 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1719 (3d ed.) (stating a court "has discretion to award costs and counsel fees to the stakeholder in an interpleader action . . . whenever it is fair and equitable to do so"). Given the record in this matter and the parties' consensus, the Court finds the agreed-upon $10,000 award of attorney fees to USAA is reasonable and appropriate. The Court will dismiss USAA with prejudice given the termination of its interests in the matter and discharge it of further liability. *See Federated Mut. Ins. Co.*, 821 F.3d at 979 (stating an interpleader action usually results "an order of discharge of the stakeholder from further liability" (quoting *Hunter*, 111 F.2d at 557)); 7 Wright, Miller & Kane at § 1714 (explaining the routine practice in interpleader actions of discharging a disinterested stakeholder).

As the Court stated previously, the entry of default judgment against Roman entitles Alan's estate to the deposited funds under the present circumstances. *See Nationwide Mut. Fire Ins. Co. v. Eason*, 736 F.2d 130, 133 n.4 (4th Cir. 1984) (stating "if all but one named interpleader defendant defaulted, the remaining defendant would be

3

entitled to the fund"). As such, the remaining deposited funds and any accrued interest will be paid to Critser as personal representative of Alan's estate.

Yet, the Court's ability to grant the requested injunctive relief is limited. District courts frequently utilize their "broad powers" in statutory interpleader actions to "restrain[] the claimants from instituting any proceeding affecting" the interpleaded property pursuant to 28 U.S.C. § 2361. *Rhoades v. Casey*, 196 F.3d 592, 600-01 (5th Cir. 1999); *see also In re Millennium Multiple Emp. Welfare Benefit Plan*, 772 F.3d 634, 640 (10th Cir. 2014) (explaining the power to issue such an injunction is "limited to enjoining adverse claims to the identified stake"). The power to issue such an injunction under § 2361, however, does not extend to rule interpleaders like the present one. *See* 7 Wright, Miller & Kane at § 1717. Instead, rule interpleaders are subject to the Anti-Injunction Act, *see* 28 U.S.C. § 2283, which restrains the Court from granting "an injunction to stay proceedings in a State court." *See also* 4 Richard D. Freer, *Moore's Federal Practice - Civil* § 22.04[1], [5][b] (Matthew Bender 3d ed.); *N.Y. Life Grp. Ins. Co. of N.Y. v. Maxwell*, 645 F. Supp. 3d 26, 36 (N.D.N.Y. 2022).

A district court generally may not order a permanent injunction against future federal and state proceedings in a rule interpleader action unless (1) an exception in that statute applies and (2) the moving party has satisfied the generally applicable showing for a permanent injunction. *See N.Y. Life Grp. Ins.*, 645 F. Supp. 3d at 36; *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997-98 (5th Cir. 1985). Under the former, an existing state-court proceeding may be stayed "as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283; *see also Dombrowski v. Pfister*, 380 U.S. 479, 484 n.2 (1965); *General Ry. Signal Co. v. Corcoran*, 921 F.2d 700, 706-07 (7th Cir. 1991) (explaining an injunction may be granted in a rule interpleader action under the "'necessary in aid of its jurisdiction' exception to the Anti-Injunction Act"). With regard to the latter, a party must show its "actual success on the merits," *Religious Sisters of*

4

*Mercy v. Becerra*, 55 F.4th 583, 508 n.14 (8th Cir. 2022) (quoting *Miller v. Thurston*, 967 F.3d 727, 735 (8th Cir. 2020)), and that

> (1) [] it has suffered an irreparable injury; (2) [] remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) []considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) [] the public interest would not be disserved by a permanent injunction.

*Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 156-57 (2010) (quoting *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006)).

USAA has made no such showing to support its request for a permanent injunction. Nor is it likely able to establish its entitlement to such relief. *See id.* at 165 ("An injunction is a drastic and extraordinary remedy, which should not be granted as a matter of course"). The Court is satisfied that USAA is "able to 'rely on'" the clear resolution of this action and the Court's unequivocal discharge of its liability in the face of any future proceedings related to the subject-matter of this action. *See N.Y. Life Grp. Ins.*, 645 F. Supp. 3d at 36 (quoting *Sun Life*, 2015 WL 1826088, at *6); *Prudential Ins. Co. of Am. v. Williams*, Case No. 19-CV-2015-CJW-KEM, 2019 WL 3482855, at *7 (N.D. Iowa July 31, 2019) (unpublished) (denying the plaintiff's request for an injunction where it had "not argued that the factors supporting a permanent injunction [were] present" and the Court's discharge of liability, in effect, barred future claims).

Accordingly,

IT IS ORDERED:

1. Plaintiff USAA Life Insurance Company and defendant Jack A. Critser's Joint Motion for Interpleader Relief, Attorneys' Fees, and Disbursement of Funds from the Registry of the Court (Filing No. 25) is granted in part and denied in part.

2. USAA Life Insurance is awarded $10,000 in attorney fees for its involvement in this interpleader action. The Clerk of Court shall pay that

amount from the funds deposited into the Court Registry to USAA Life Insurance Company and send that award to the following address:

>McDowell Hetherington LLP
>ATTN: Amy B. Boyea
>1000 Ballpark Way, Suite 209
>Arlington, Texas 76011

3. The Clerk of Court shall pay the remaining deposited funds and any accrued interest to Jack A. Critser, Personal Representative of Alan D. Critser's Estate. Those funds shall be sent to the following address:

>Cassem, Tierney, Adams, Gotch & Douglas
>ATTN: Michael K. Huffer
>9290 West Dodge Road, Suite 302
>Omaha, Nebraska 68114

4. USAA Life Insurance, its affiliates, and agents are discharged from any and all liability under the policy issued to Alan D. Critser with respect to the subject death benefit. USAA Life Insurance is dismissed from this action with prejudice.

5. A separate judgment will issue.

Dated this 18th day of November 2024.

BY THE COURT:

*[signature]*

Robert F. Rossiter, Jr.
Chief United States District Judge